FRANK GOULD vs. NEWBURYPORT RAILROAD COMPANY & Trustee.

The consignee of goods transported over two connecting railroads is not liable as trustee in foreign attachment of the railroad corporation from which he receives the goods, for freight upon the first railroad, although it is the custom of the two corporations for the one first receiving goods to charge freight to the other upon delivery to it, and of the latter to collect the whole freight from the consignee.

TRUSTEE PROCESS. Charles Herrick, summoned as trustee, admitted that the sum of $6.79 was due from him to the principal defendants. The plaintiff sought to charge him with the additional sum of $63.49, and at the trial in the court of common pleas in Essex, at June term 1859, proved the following facts, which were not denied by the trustee.

The defendants' road connects with the Boston and Maine Railroad, and the two form a continuous line from Boston to Topsfield, where the trustee resides. The trustee was accustomed to receive goods from Boston over this route, and to pay to the defendants the freight upon them for the entire distance. It is the custom of each of these corporations to deliver goods going beyond its own railroad to the connecting railroad, and to charge the freight upon them to the owners of the latter, who collect from the consignee the freight for transportation over both roads. Herrick owed for the transportation of goods over the Boston and Maine Railroad, at the time of service upon him, $63.49, which he subsequently paid to the defendants. But no bills were made out by the Boston and Maine Railroad to him, nor were the defendants authorized by them to collect this sum of him, further than by the custom above mentioned.

Upon these facts *Perkins*, J. charged the trustee for $6.79, and the plaintiff appealed.

*T. P. Pingree, Jr.* for the plaintiff. The Newburyport Railroad Company, by the usage proved, and by receiving the goods, subject to a charge for freight over the Boston and Maine Railroad, took that charge upon themselves, and were liable therefor to the owners of that road. Paley's Agency, (4th ed.) 374. Chit. Con. (8th Amer. ed.) 19 & cases cited. They had a lien

on the goods for that charge, as well as for their own carriage. 2 Kent Com. (6th ed.) 634. 2 Steph. N. P. 986. *Skinner* v. *Upshaw*, 2 Ld. Raym. 752. And having delivered the goods to Herrick and parted with their lien, they have a right of action against him for both freights, which may be attached by trustee process. 2 Kent Com. 639. *Parks* v. *Hall*, 2 Pick. 212. *Holly* v. *Huggeford*, 8 Pick. 76.

*E. F. Stone*, for the trustee, cited *Nutting* v. *Connecticut River Railroad*, 1 Gray, 502; *Berkshire Woollen Co.* v. *Proctor*, 7 Cush. 417; *Winsor* v. *Dillaway*, 4 Met. 221; *Bowen* v. *Stoddard*, 10 Met. 375.

MERRICK, J. The sum of $63.49 was due from Herrick to the Boston and Maine Railroad, and not to the Newburyport Railroad Company, and was received by the latter for the former, and as their agents. *Judgment affirmed.*